IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00002-CMA-MEH

BRADON GIBSON,

    Plaintiff,

v.

TT OF WOODMEN, INC., a Colorado corporation, d/b/a Woodmen Nissan,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion for a Stay and to Compel Arbitration [filed January 23, 2012; docket #5]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. The motion is fully briefed, and the Court heard oral argument on February 28, 2012. For the reasons that follow, this Court respectfully recommends that the motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**I.     Facts**

Plaintiff attempted to purchase a vehicle from Defendant. On December 17, 2011, the parties agreed on a price, agreed to other terms (including Defendant's attempt to obtain financing for Plaintiff for the purchase), and the Plaintiff departed the dealership with the car. The parties signed a document titled "Car Buyer's Offer and Purchase Option Contract." Some of the terms of the contract were:

1. Purchase of a 2007 Chevrolet Trailblazer for $14,988.00, with $500 cash down and a $2000 trade-in allowance for a 1990 Chevrolet C1500 truck.
2. Immediate possession of the car by Plaintiff.
3. An arbitration provision (set out below).
4. Failing acceptance and approval for financing, rescission of the purchase.
5. Plaintiff's agreement to return the vehicle on demand by the Defendant in the event of #4.

The arbitration agreement provides that the parties agree to arbitrate "any dispute, controversy or claim" between them "arising out of or relating to any aspect of this vehicle purchase transaction and contract." The scope of the potential claims includes "all contract, tort, statutory, regulatory, and deceptive trade practice claims arising from or related to this vehicle purchase transaction, contract, and any other claim which may be brought by Purchaser against Dealer." The financing was not approved. Plaintiff was asked to return to the dealership "to sign some additional papers." When he arrived, he was asked to surrender his keys for checking the mileage. Defendant then informed Plaintiff that financing was not approved, and it repossessed the vehicle. According to Plaintiff, while the Defendant returned his trade-in, Defendant did not return the $500 down payment.

Defendant has moved to require arbitration of this case. The Complaint alleges the following claims: (1) Violation of the Truth in Lending Act; and (2) & (3) Violations of the Colorado

Consumer Protection Act. Plaintiff opposes the present motion arguing that because financing was not obtained, the Buyer's Order, which contains the subject arbitration clause, is void and, thus, there is no enforceable arbitration provision. In the alternative, Plaintiff contends that the RISC, executed subsequent to the Buyer's Order, supercedes the Buyer's Order and, thus, the Defendant cannot rely on the arbitration clause found in the Buyer's Order. Plaintiff does not argue that there was any fraud regarding the inclusion of an arbitration provision in the Buyer's Order.

**II.    Discussion**

    **A.    Governing Law**

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 3, a district court *must* stay or dismiss judicial proceedings when a written agreement provides that the subject of the litigation must be submitted to arbitration. "'There is a strong federal policy favoring arbitration for dispute resolution.'" *Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1514 (10th Cir. 1995) (quoting *Peterson v. Shearson/American Express, Inc.,* 849 F.2d 464, 465 (10th Cir. 1988)). If there is uncertainty as to whether a claim is arbitrable, "[a]ll 'doubts are to be resolved in favor of arbitrability.'" *Id.* (quoting *Oil, Chem., & Atomic Workers Int'l Union, Local 2-124 v. American Oil Co.,* 528 F.2d 252, 254 (10th Cir. 1976)).[2]

On the other hand, arbitration is a contractual matter, and parties may not be required to submit to arbitration claims to which they have not contractually agreed to submit. *AT&T Techs., Inc. v. Communications Workers,* 475 U.S. 643, 648 (1986); *see also Coors Brewing Co.*, 51 F.3d at 1516. Only claims having "a reasonable factual connection to the contract" are arbitrable. *Coors*

---

[2]The presumption in favor of arbitration "disappears when the parties dispute the existence of a valid arbitration agreement." *Dumais v. American Golf Corp.,* 299 F.3d 1216, 1220 (10th Cir. 2002).

*Brewing Co.*, 51 F.3d at 1516.   The question of whether the parties agreed to arbitrate is to be decided by the court.  *AT&T Techs.*, 475 U.S. at 648-49.

In the present case, Plaintiff does not dispute that his claims fall within the very broad arbitration clause at issue here.  Rather, he disputes the existence of a valid arbitration agreement at all, based on the argument that the Buyer's Order is a contingent contract that, due to the failure of financing approval, is void.  In the alternative, Plaintiff contends the Buyer's Order is superceded by the RISC and, thus, Defendant cannot rely on the arbitration clause found in the Buyer's Order.

"[A] court may compel arbitration of a particular dispute under [the Act] only when satisfied that the 'making' of the agreement to arbitrate is not at issue."  *Spahr v. Secco*, 330 F.3d 1266, 1270 (10th Cir. 2003).  Prior to proceeding either on the substantive issues in the case or, instead, to compel arbitration, the Court is required to resolve any issues that go to the making of the agreement for arbitration.  *Id.* at 1269.

### B.    Whether the Arbitration Provision in the Buyer's Order Is Void

Here, the Court does not agree that the contract itself is void.  The contract contains various provisions, including one that permits the Plaintiff to have immediate possession of the vehicle. Another provision set the price.  In yet another provision, the parties agree to arbitrate any dispute they had arising from the transaction.  Moreover, the contract notes that if financing was not approved, "the transaction is not consummated."  The Court does not believe that this language prevents the formation of a binding agreement to settle disputes by arbitration.  Plaintiff does not argue that the parties did not agree to arbitration.  The contract simply had a contingent term.

Now that a dispute has arisen out of the "transaction," the method to which the parties agreed to resolve that dispute is arbitration.  The Court will not interfere with that binding agreement.

### C. Whether the Arbitration Provision in the Buyer's Order is Extinguished by the RISC

Plaintiff appears to argue that Defendant may not rely on the arbitration provision of the Buyer's Order because the "subsequently" signed RISC contains an integration clause demonstrating that the RISC was intended to supercede the Buyer's Order. Apparently, in so arguing, the Plaintiff believes (and wants the Court to conclude) that the RISC itself contains no arbitration provision. However, while the Plaintiff never expressly argues that the RISC contains no arbitration provision, the RISC itself does, in fact, contain an independent arbitration provision. In fact, the arbitration provision appearing under "Additional Provisions" on the back of the RISC states, in pertinent part,

> Any claim, dispute or controversy ('claim') arising under or relating to this contract or the vehicle purchase agreement (except where the purchase agreement includes its own dispute resolution provisions, in which case such provisions shall control any claim arising under or relating to the purchase agreement) whether in contract or tort ... shall, at your or our election, be resolved by binding arbitration.

Retail Installment Sales Contract, docket #5-2 at 2. Thus, not only does this provision provide for arbitration of any claims arising under the RISC itself but, importantly, the provision refers specifically to the "vehicle purchase agreement" – in this case, the Buyer's Order – and affirms that any arbitration provision found in such purchase agreement governs claims "arising or relating to" the purchase of the vehicle. As such, the Court cannot conclude that the RISC (signed at the same time as, and in conjunction with, the Buyer's Order) supercedes or "extinguishes" the Buyer's Order or its arbitration provision.

To the extent the Plaintiff is concerned that forcing him to go to arbitration will result in an unfair process, the Court is compelled to point out several things. First, Plaintiff is entitled to a fundamentally fair hearing, a requirement the federal courts will enforce if appropriate. *Bowles Fin.*

*Group, Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1012-13 (10th Cir. 1994).  Further, the courts have found nothing inherently unfair about arbitration clauses, which are uniformly held to be valid and enforceable.  *E.g., Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 888 F.2d 696, 700 (10th Cir. 1989).

### D. The Appropriate Remedy

When the parties have entered into an arbitration agreement, and either party requests a stay of the case pending arbitration, the Court must stay the case.  9 U.S.C. § 3.  Here, Defendant has requested a stay; thus, this Court recommends that Defendant's request be granted pending the outcome of the arbitration.

## III. Conclusion

The parties in this matter have agreed to submit to arbitration the claims raised in the Complaint, which are related to the attempted purchase of a vehicle.  The agreement is neither void nor extinguished.  Therefore, the Court respectfully recommends that Defendant's Motion for a Stay and to Compel Arbitration [filed January 23, 2012; docket #5] be **GRANTED**, and that this action be stayed pending the conclusion of the arbitration process.

DATED this 29th day of February, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

6