IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00002-CMA-MEH

BRADON GIBSON,

    Plaintiff,

v.

TT OF WOODMEN, INC., a Colorado corporation, d/b/a Woodmen Nissan,

    Defendant.

───────────────────────────────────────────────────────────────────────────

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
───────────────────────────────────────────────────────────────────────────

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Reopen Case and Amended Motion to Compel Specific Performance Pursuant to Fed. R. Civ. P. 70 [filed May 2, 2013; docket #18]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. The motions are fully briefed, and the Court finds that oral argument will not assist in adjudicating the motions. For the reasons that follow, this Court respectfully recommends that the motions be **granted in part and denied in part**.[1]

───────────────────────

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United*

**I.     Facts**

According to the Complaint in this case, the Plaintiff attempted to purchase a vehicle from the Defendant. On December 17, 2011, the parties agreed on a price, agreed to other terms (including Defendant's attempt to obtain financing for Plaintiff for the purchase), and the Plaintiff departed the dealership with the car. The parties signed a document titled "Car Buyer's Offer and Purchase Option Contract." Some of the terms of the contract were:

1. Purchase of a 2007 Chevrolet Trailblazer for $14,988.00, with $500 cash down and a $2000 trade-in allowance for a 1990 Chevrolet C1500 truck.
2. Immediate possession of the car by Plaintiff.
3. An arbitration provision.
4. Failing acceptance and approval for financing, rescission of the purchase.
5. Plaintiff's agreement to return the vehicle on demand by the Defendant in the event of #4.

Apparently, the financing was not approved. Plaintiff was asked to return to the dealership "to sign some additional papers." When he arrived, he was asked to surrender his keys for checking the mileage. Defendant then informed Plaintiff that financing was not approved, and it repossessed the vehicle. According to Plaintiff, while the Defendant returned his trade-in, Defendant did not return the $500 down payment.

The Complaint alleges the following claims: (1) Violation of the Truth in Lending Act; and (2) & (3) Violations of the Colorado Consumer Protection Act. On March 21, 2012, the District Court granted Defendant's motion to compel arbitration and administratively closed this case pursuant to D.C. Colo. LCivR 41.2. The matter proceeded to an arbitration before AAA Arbitrator Giovanni Ruscitti on November 7, 2012. On January 18, 2013, Arbitrator Ruscitti entered a Final Award holding that Defendant violated the Colorado Consumer Protection Act, but that Plaintiff

---

*States*, 950 F.2d 656, 659 (10th Cir. 1991).

failed to establish Defendant acted in bad faith. The arbitrator awarded Plaintiff damages of $500.00 plus $41.66 in interest, $420.00 in costs, $4,551.75 in attorney's fees and $125 in arbitration fees, for a total of $5,638.41. *See* Final Award, January 18, 2013, docket #18-1 at 4. Other than the monetary award, the arbitrator did not order that any specific act be taken by either party. *See id.*[2]

On January 29, 2013, Defendant sent a check for the total payment to Plaintiff and his counsel with a cover letter requesting that the Plaintiff and counsel complete and return the enclosed W-9 tax forms. Apparently, the check was cashed, but the forms were not returned to the Defendant. An employee of defense counsel, Shannon Curry, contacted Plaintiff's counsel, Susan Thomas, who declined to complete the forms saying, "only collection firms need to have the W-9 completed." Affidavit of Shannon Curry, April 30, 2013, ¶ 3, docket #18-1 at 8.

Defendant filed the present motion seeking to reopen this case for adjudication of Defendant's motion to compel Plaintiff's specific performance pursuant to Fed. R. Civ. P. 70(a). Essentially, Defendant asks the Court to compel the Plaintiff and his counsel to complete and return the W-9 tax forms associated with Defendant's payment of the arbitrator's award. Plaintiff counters that Rule 70(a) governs only judgments and that the request to complete W-9 forms was not ordered pursuant to any judgment. Defendant replies that payment of the award is a taxable event which makes execution of a W-9 form "a natural consequence of the award."

**II.     Discussion**

Defendant seeks to reopen this case, which was administratively closed on March 21, 2012 pursuant to D.C. Colo. LCivR 41.2. Rule 41.2 provides that a case may be reopened "for good

---

[2] In fact, the award states: "This is the Final Award and is in full settlement of all claims submitted in this Arbitration. All claims not expressly granted herein are hereby denied." *Id.*

cause." Although not clearly stated in the motion, the Court infers that Defendant argues good cause lies in its request for adjudication of Defendant's motion to compel specific performance. Therefore, the Court recommends granting in part Defendant's motion to reopen this case for the sole purpose of adjudicating Defendant's motion to compel specific performance.

Federal Rule of Civil Procedure 70 authorizes a federal court to "enforc[e] a judgment for a specific act." The portion of the rule upon which Defendant relies, Fed. R. Civ. P. 70(a), provides:

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done – at the disobedient party's expense – by another person appointed by the court. When done, the act has the same effect as if done by the party.

"To seek relief under Rule 70, a petitioner must file a motion in the proceeding in which it was granted judgment, because Rule 70 does not supply a jurisdictional basis for a new action." *Braunstein v. Pickens*, 274 F.R.D. 568, 573 (D.S.C. 2011). Rule 70 "only 'gives the district court a discrete and limited power to deal with parties who thwart final judgments by refusing to comply with orders to perform specific acts.'" *Id.* (quoting *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 449 (7th Cir. 2005)).

Here, there is no dispute that the specific performance Defendant seeks to compel did not arise from any order or judgment from this Court. *See, e.g., Teamsters Local 243 v. DHT Transp.*, No. 05-CV-71700, 2007 WL 3026096 (E.D. Mich. Oct. 12, 2007) (court denied application of Rule 70, but enforced its own order validating arbitration award). Moreover, there is no indication that the specific performance Defendant seeks to compel was ordered – either orally or in writing – by

the arbitrator of the within dispute.[3]  Rather, Defendant contends that the completion of W-9 forms is a "natural consequence" of the arbitrator's award and that this Court should compel Plaintiff to comply with Defendant's request to complete the forms.

The Court agrees with the Plaintiff that Fed. R. Civ. P. 70(a) does not give the Court authority to order Plaintiff to sign and complete W-9 tax forms provided by the Defendant.  Rule 70(a) is limited in scope and governs only those situations in which a party fails to comply with a court order or judgment.  *See Analytical Eng'g, Inc.*, 425 F.3d at 450 ("Because the district court entered final judgment in this case and the judgment ordered [defendant] to perform a specific act, if [defendant] was not in full compliance with the district court's order, then the district court properly granted [plaintiff's] Rule 70 motion where the motion only sought to force compliance with the original order.").

Defendant's cited case law does not persuade the Court otherwise.  All cases cited by the Defendant involve requests for specific performance of an order or judgment issued by the court in which the parties bring Rule 70 motions.  *See Noel v. New York State Office of Mental Health Central New York Psychiatric Ctr.*, 697 F.3d 209, 215 (2d Cir. 2012); *McMahon & Co. v. Po Folks, Inc.*, 206 F.3d 627, 629 (6th Cir. 2000); *Gilbert v. Johnson*, 490 F.2d 827, 829 (5th Cir. 1974); *Filmvideo Releasing Corp. v. Hastings*, 517 F. Supp. 66, 68 (S.D.N.Y. 1981); *Lufkin v. United States*, 168 F. Supp. 451, 455 (D.N.H. 1958).  Therefore, the Court must conclude that Rule 70(a) does not provide this Court with authority to order the Plaintiff to complete and return W-9 tax forms associated with the arbitrator's award.  Moreover, the Defendant provides, and the Court has

---

[3] In fact, there is nothing in the record indicating that any party has raised this issue before the arbitrator.

found, no other authority under the federal or local rules by which to order completion of the W-9 forms. Therefore, this Court respectfully recommends that the District Court deny Defendant's motion to compel specific performance pursuant to Fed. R. Civ. P. 70(a).

### III.     Conclusion

Defendant demonstrates good cause to reopen the case solely for the purpose of adjudicating its motion to compel specific performance, but fails to establish this Court's authority to order Plaintiff to complete W-9 tax forms associated with payment of the arbitrator's award. Accordingly, this Court respectfully recommends[4] that the District Court **GRANT IN PART AND DENY IN PART** Defendant's Motion to Reopen Case and Amended Motion to Compel Specific Performance Pursuant to Fed. R. Civ. P. 70 [filed May 2, 2013; docket #18] as set forth herein.

DATED this 22nd day of May, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[4]This recommendation does not address nor has any bearing on whether W-9 tax forms should be completed under the circumstances presented in this case. The recommendation addresses only whether this Court has authority to order the Plaintiff to complete such forms.